```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION

DAVID A. WILKINS,             )
                              )
Plaintiff,                    )
                              )
vs.                           )        NO. 3:06-CV-714
                              )
JOHN R. VanNATTA, et al.,     )
                              )
Defendants.                   )
```

## OPINION AND ORDER

This matter is before the court *sua sponte*.

For the reasons set forth below, the Court: (1) **GRANTS** David A. Wilkins, leave to proceed against Superintendent John R. VanNatta, Administrator Chad Barr, Doctor Gerald Meyers, Director Lynn Fry, Nurse Tony Hobbs, Nurse Julie Adams, Nurse Patricia Osborn, Nurse Julie Hanes, Nurse Annett MacGruder, and Nurse Stacey Hall in their individual capacities for monetary and punitive damages for abandoning him to lay in his bed for months in his own bodily waste without exercise or recreation of any type and without access to drinking water in violation of the Eighth Amendment; (2) **DISMISSES** all other claims; (3) **GRANTS** the motion for service (docket # 2); (4) **DIRECTS** the clerk to transmit the summons and USM-285's for Superintendent John R. VanNatta, Administrator Chad Barr, Doctor Gerald Meyers, Director Lynn Fry, Nurse Tony Hobbs, Nurse Julie Adams, Nurse Patricia Osborn, Nurse Julie Hanes, Nurse

Annett MacGruder, and Nurse Stacey Hall to the United States Marshals Service along with a copy of this order and a copy of the complaint; (5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Superintendent John R. VanNatta, Administrator Chad Barr, Doctor Gerald Meyers, Director Lynn Fry, Nurse Tony Hobbs, Nurse Julie Adams, Nurse Patricia Osborn, Nurse Julie Hanes, Nurse Annett MacGruder, and Nurse Stacey Hall; and (6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Superintendent John R. VanNatta, Administrator Chad Barr, Doctor Gerald Meyers, Director Lynn Fry, Nurse Tony Hobbs, Nurse Julie Adams, Nurse Patricia Osborn, Nurse Julie Hanes, Nurse Annett MacGruder, and Nurse Stacey Hall respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

David A. Wilkins, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Wilkins alleges that he is being denied medical treatment. He alleges that he is a paraplegic. He states that he has a motorized wheelchair which has broken on or about July 21, 2005. He states that the chair was fixed and returned to him on December 18, 2005, but that it broke again on January 8, 2006 and has been broken ever since. He alleges that in the

absence of his wheelchair, he is left continuously in bed without any recreation, exercise, fresh air, or sunshine. He alleges that he is left in his own bodily waste for hours and denied access drinking water. He states that he is fed by other inmates. Finally, he alleges that he has been prescribed physical therapy and a wrist support in the past, but that Dr. Meyers refuses to continue those treatments.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>   In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has

>    deprived him of a federal right.  Second, he must allege
>    that the person who has deprived him of the right acted
>    under color of state law.  These elements may be put
>    forth in a short and plain statement of the claim showing
>    that the pleader is entitled to relief. FED. R. CIV. P.
>    8(a)(2). In reviewing the complaint on a motion to
>    dismiss, no more is required from plaintiff's allegations
>    of intent than what would satisfy Rule 8's notice
>    pleading minimum and Rule 9(b)'s requirement that motive
>    and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Denial of Medical Treatment - Eighth Amendment

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).  A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez*, 111 F.3d at 1373.

Deliberate indifference is a very high standard.  Liability under § 1983 attaches only where a defendant acts with "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). Liability

-4-

does not attach if the defendants are merely negligent, incompetent, unreasonable, or committing medical malpractice. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995); *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Claim of Broken Wheelchair

Wheelchairs, crutches, braces, canes, etc. are not medical treatment, they are merely aides to mobility.  Therefore taking them is not a denial of medical treatment, it is merely a restriction on mobility. Prison is inherently a restriction on the mobility of a prisoner. Furthermore, to prevail in a medical case, a plaintiff must demonstrate actual injury caused by the defendant's actions or omissions. *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim of deliberate indifference relating to his treatment . . .."). As discussed below, Wilkins has claims for the conditions of his confinement, but he does not have a claim for being without a wheelchair.  Any injury that he may have suffered was not directly caused by the absence of the wheelchair, but rather by the way he has been treated in its absence.  A prisoner "is not entitled to demand specific care . . .." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).  Though Wilkins is entitled to humane treatment in accordance with the Eighth Amendment, the constitution

-5-

creates no entitlement to a motorized wheelchair no matter how useful it might be. Therefore all of his claims related to the wheelchair will be dismissed.

Claim of Being Denied Wrist Support and Physical Therapy

Wilkins has, in the past, been prescribed a wrist support and physical therapy, but he alleges that the doctor refuses to continue those courses of treatment. "At best, he alleges a disagreement with medical professionals about his needs. This does not state a cognizable Eighth Amendment claim . . .." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Though Wilkins wants to receive these treatments, a prisoner "is not entitled to demand specific care . . . no[r] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). As described below, Wilkins has claims for the conditions of his confinement, but he does not have a claim for being denied medical treatment. Though he is not satisfied with the results of his medical treatment, the Eighth Amendment does not require medical success, it merely prohibits wanting harm to come to an inmate. Even if it was unreasonable, incompetent, negligent, or medical malpractice to have not replaced his wrist support and renewed his physical therapy, these facts do not support a claim of deliberate indifference which is the "functional equivalent of wanting harm to

come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Therefore the medical claims will be dismissed.

Conditions of Confinement - Eighth Amendment

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Id.* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

Claim of Abandonment in Bed without Toileting or Drinking Water

Wilkins alleges that he is regularly abandoned in bed to lay in his own bodily waste and that he is denied access to drinking water. He alleges that he receives no recreation or exercise of any type for months at a time. These are not mere inconveniences. Even if his medical restrictions preclude him from leaving his bed, abandoning an inmate to lay in his own waste without access to

-7-

drinking water is a denial of the minimal civilized measure of life's necessities and is shocking to the conscience. These allegations state a claim. Based on this complaint, it is reasonable to infer that Wilkins is alleging that all 10 of these defendants had actual knowledge of the conditions under which he is being held. Therefore he will be permitted to proceed against all of them in their individual capacities for both compensatory and punitive damages.

Claim of Being Fed by Other Inmates

Wilkins alleges that he is fed by other inmates. He does not allege that he is denied food or that he is fed improperly. Though he might prefer to be fed by a nurse or other staff member, receiving assistance from a fellow inmate is nothing more than an unpleasant inconvenience, it is not the denial of the minimal civilized measure of life's necessities. Therefore this claim will be dismissed.

Exhaustion of Administrative Remedies

Wilkins states that he has exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). In support of this claim he has attached only a Step 1 and Step 2 grievance related to his wheelchair. None of the claims related to his wheelchair have survived screening, therefore these grievances are irrelevant other

than to prove that he was able to file a grievance. Though he may have to demonstrate that he exhausted his administrative remedies if the defendants file a motion for summary judgment with their answer or thereafter, at this stage of the proceeding, he may proceed.

Motion for Service of Process

Wilkins filed a motion asking for service of process by the United States Marshals Service. Having been granted leave to proceed *in forma pauperis* and having filed properly completed summons and USM-285's for each of the defendants, it was unnecessary to file this motion. Nevertheless, service by Marshal will be ordered and the motion will be granted.

CONCLUSION

For the reasons set forth above, the Court:

(1) **GRANTS** David A. Wilkins, leave to proceed against Superintendent John R. VanNatta, Administrator Chad Barr, Doctor Gerald Meyers, Director Lynn Fry, Nurse Tony Hobbs, Nurse Julie Adams, Nurse Patricia Osborn, Nurse Julie Hanes, Nurse Annett MacGruder, and Nurse Stacey Hall in their individual capacities for monetary and punitive damages for abandoning him to lay in his bed for months in his own bodily waste without exercise or

recreation of any type and without access to drinking water in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **GRANTS** the motion for service (docket # 2);

(4) **DIRECTS** the clerk to transmit the summons and USM-285's for Superintendent John R. VanNatta, Administrator Chad Barr, Doctor Gerald Meyers, Director Lynn Fry, Nurse Tony Hobbs, Nurse Julie Adams, Nurse Patricia Osborn, Nurse Julie Hanes, Nurse Annett MacGruder, and Nurse Stacey Hall to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Superintendent John R. VanNatta, Administrator Chad Barr, Doctor Gerald Meyers, Director Lynn Fry, Nurse Tony Hobbs, Nurse Julie Adams, Nurse Patricia Osborn, Nurse Julie Hanes, Nurse Annett MacGruder, and Nurse Stacey Hall; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Superintendent John R. VanNatta, Administrator Chad Barr, Doctor Gerald Meyers, Director Lynn Fry, Nurse Tony Hobbs, Nurse Julie Adams, Nurse Patricia Osborn, Nurse Julie Hanes, Nurse Annett MacGruder, and Nurse Stacey Hall respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

**DATED:  March 7, 2007**            /s/RUDY LOZANO, Judge
                                     **United States District Court**