```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                    SOUTH BEND DIVISION
```

```
DAVID A. WILKINS,           )
                            )
Plaintiff,                  )
                            )
vs.                         )      NO. 3:06-CV-714
                            )
JOHN R. VanNATTA, et al.,   )
                            )
Defendants.                 )
```

## OPINION AND ORDER

This matter is before the Court on Defendant John VanNatta's Motion for Summary Judgment, filed on May 11, 2007.[1] For the reasons set forth below, this motion is **GRANTED**. The Clerk is **ORDERED** to enter judgment against Plaintiff and in favor of the Defendants.

BACKGROUND

David A. Wilkins, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983, alleging Defendants subjected him to cruel and unusual punishment at the correctional facility where he is currently housed. Pursuant to 28 U.S.C. section 1915A, this Court

---

[1] The other remaining Defendants, represented by other counsel, joined the motion. See DE# 37.

reviewed the merits of Wilkins' allegations. After review, Wilkins was granted:

> leave to proceed against Superintendent John R. VanNatta, Administrator Chad Barr, Doctor Gerald Meyers, Director Lynn Fry, Nurse Tony Hobbs, Nurse Julie Adams, Nurse Patricia Osborn, Nurse Julie Hanes, Nurse Annett MacGruder, and Nurse Stacey Hall in their individual capacities for monetary and punitive damages for abandoning him to lay in his bed for months in his own bodily waste without exercise or recreation of any type and without access to drinking water in violation of the Eighth Amendment . . ..

Screening Order at 9-10, (D.E.# 9). All other claims were dismissed.

Defendants now seek summary judgment claiming that Plaintiff failed to exhaust available administrative remedies, as required.

DISCUSSION

Summary Judgment Standard

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v.*

*Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant.  *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'"  *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate,

by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate.  In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.

Notably, Defendants provided Wilkins with the notice to a *pro se* party as required by N.D. IND. L.R. 56.1(e), which informed him that:

> Any factual assertion in the affidavits will be accepted by the court as being true unless you submit your own affidavits or other documentary evidence contradicting the assertion. Your failure to respond in that way would be the equivalent of failing to present any evidence in your favor at a trial.

Motion for Summary Judgment, p.2 (D.E.# 34).

<u>The Undisputed Facts Show that Wilkins Failed to Exhaust</u>
<u>His Administrative Remedies, Requiring Dismissal of This Case</u>

Defendants assert that Wilkins did not exhaust his administrative remedies as to the remaining claims.  This failure would be dispositive because:

-4-

> No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  In support of their motion, Defendants have submitted the declaration of Amy Clark, the Grievance Specialist at the Miami Correctional Facility where Wilkins is incarcerated.  Ms. Clark provided that:

> 18. I have searched the grievance records at MCF for any complaint Mr. Wilkins submitted between October 1, 2004, and October 16, 2006, claiming that he was regularly abandoned in bed to lie in his own bodily waste, or that he was regularly being denied access to drinking water, or that he was being denied exercise.
>
> 19. Although Mr. Wilkins filed many grievances during that period of time, he did not pursue any of them to the final step available to him under departmental rules at the time he grieved.

Declaration of Amy Clark, (D.E. # 35-2).

In response, Wilkins has provided two grievances, two responses, one request for interview, and three letters to the Court. The letters (D.E. ## 39, 40, and 41) are neither affidavits nor declarations.  Because they are not presented under penalty of perjury, they are not admissible and cannot be considered as evidence. Fed. R. Civ. P. 56.

The first grievance states:

> I was wondering why they are wasting electricity in the day light hours, when we need things back in the infirmary. We need blankets and sheets and pillow cases. Why are you wasting tax dollars on needless things?

(D.E. # 39 at 1).

-5-

The second grievance states, "The nurse's aid (Stephene) is the only one who has a problem with me having a urinal to release fluid." (D.E. # 39 at 6). As a remedy, Wilkins asked, "Please tell nurses aid Stephene to leave me alone."

The request for interview states, "Ask Chuck Watkins if he can do anything about getting my wheel chair worked on by wheel chair maintenance here at M.C.F." (D.E. # 39 at 4).

Neither of these grievances nor the request for interview are related to the surviving claims in this lawsuit. Therefore, they are not relevant and cannot create a genuine issue of material fact. See e.g., *Clay v. Interstate Nat. Corp.*, 124 F.3d 203 (7th Cir. 1997)(noting that failure to raise relevant evidence to rebut evidence was insufficient to defeat summary judgment).

Simply, Wilkins has not presented any evidence which creates a genuine issue of fact. Based on the declaration of Amy Clark, the only relevant evidence before the Court, it is undisputed that Wilkins did not exhaust his administrative remedies.

CONCLUSION

For the reasons set forth above, this motion is **GRANTED**. The Clerk is **ORDERED** to enter judgment against Plaintiff and in favor of the Defendants.

**DATED:  July 20, 2007**                    /s/RUDY LOZANO, Judge
                                              **United States District Court**